**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **THE NOCO COMPANY** <br> 1375 East 9th Street, 29th Floor <br> Cleveland, OH 44114 <br><br> Plaintiff, <br><br> vs. <br><br> **AT BATTERY COMPANY INC. D/B/A ATBATT** <br> 28340 AVE CROCKER UNIT 200 <br> VALENCIA, CA 91355 <br><br> **STEVEN LEE** <br> 28340 AVE CROCKER UNIT 200 <br> VALENCIA CA 91355 <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO: <br><br> JUDGE: |

**COMPLAINT
(JURY DEMAND ENDORSED HEREIN)**

Plaintiff The NOCO Company ("*Plaintiff*"), by and through counsel, and for its

Complaint against defendants At Battery Company Inc. d/b/a AtBatt and Steven Lee

(collectively, "*Defendants*"), states as follows:

## INTRODUCTION

1. Plaintiff and Defendants are parties to a contract whereby Defendants resell goods distributed by Plaintiff. Defendants are engaging in sales practices in breach of said contract and which harm Plaintiff.

## PARTIES

2. Plaintiff is a wholesaler and retailer of battery chargers, portable power devices, and related battery products and accessories (collectively, the "***Products***").

3. Defendants are an authorized reseller of the Products and sell the Products on the website www.atbatt.com and other various third party websites.

## JURISDICTION/VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1338.

5. Pursuant to Ohio Revised Code Section 2307.382, this court has personal jurisdiction over Defendants because Defendants have caused tortious injury in the state of Ohio.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## BACKGROUND

### *Plaintiff Enters into an Authorized Reseller Agreement with Defendants*

7. Plaintiff sells the Products on its website https://no.co/, to wholesalers and authorized resellers, and through online stores.

8. When selling to authorized resellers, Plaintiff enters into authorized reseller agreements with such sellers (each an "***Authorized Reseller Agreement***").

9. Plaintiff entered into an Authorized Reseller Agreement with Defendants. The agreement is attached as Exhibit A.

10. Plaintiff uses Authorized Reseller Agreements in order to promote fair competition between resellers and to protect its brand, its goodwill and its valuable intellectual property, including the registered trademarks NOCO® and NOCO GENIUS® (the "*Trademarks*").

11. The Authorized Reseller Agreement prohibits Defendants from engaging in certain conduct.

12. In particular, Defendants are prohibited from selling the Products on third party web sites (such as Amazon.com), on drop-ship accounts (such as Overstock.com), and on classified sites (such as Craigslist.com). (*See* Exh. A.)

### *Defendants Breach the Authorized Reseller Agreement*

13. At least since the beginning of 2017, Plaintiff has been aware that Defendants were breaching the Authorized Reseller Agreement.

14. Defendants were selling and continue to sell the Products on prohibited websites, specifically, Amazon.com. A screenshot of Defendants selling the Products on Amazon is attached as Exhibit B.

15. Upon information and belief, Defendants also sell the Products on prohibited websites other than Amazon.com.

### Count One
### Breach of Contract

16. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

17. The Authorized Reseller Agreement is a valid and binding contract between Plaintiff and Defendants.

18. Plaintiff has performed all of its obligations under the Authorized Reseller Agreement.

19. Defendants breached the Authorized Reseller Agreement by selling the Products on Amazon.com and other prohibited websites.

20. As a result of Defendants' breaches, Plaintiff has suffered and will continue to suffer irreparable harm and monetary damages in an amount to be determined at trial.

## Count Two
## Unfair Competition

21. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

22. Defendants' actions amount to unfair competition, as they have harmed Plaintiff in the form of lost profits and dilution of the brand and the Trademarks.

23. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## Count Three
## Trademark Dilution (15 U.S.C. § 1125)

24. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

25. The Trademarks are well known and distinctive within the battery and chargeable battery industry.

26. Defendants' use of the Trademarks to sell the Products on Amazon and other third-party websites is causing the dilution of the Trademarks by tarnishing the reputation and goodwill associated with the Trademarks in violation of 15 U.S.C. § 1125(c).

27. As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment as follows:

A. As to Count One, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs;

B. As to Count Two, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs.

C. As to Count Three, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, and enjoin Defendants from using the Trademarks in any manner which tarnishes the reputation of the Trademarks.

D. In addition, permanently enjoin Defendants from selling the Products.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
SEAN P. MALONE (0076353)
DAVID R. POSTERARO (0024661)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114
Phone: 216-696-8700
Fax: 216-621-6536
Email: jjp@kjk.com; spm@kjk.com; drp@kjk.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. 38

*/s/ Jon J. Pinney*
JON J. PINNEY